IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HELEN M HIGHTOWER,

                Plaintiff,

vs.

HERITAGE ACADEMY OF TULSA, INC.
A/K/A FLO & MORRIS MIZEL JEWISH
COMMUNITY DAY SCHOOL, INC.,

                Defendant.

Case No. 07-CV-602-GKF-FHM

**OPINION AND ORDER**

Plaintiff's Motion to Compel Discovery [Dkt. 11] is before the undersigned United States Magistrate Judge for decision. Plaintiff's motion is GRANTED in part and DENIED in part as provided herein.

Interrogatory Nos. 1 and 9 seek to determine the identities of all persons who participated in the decision to terminate Plaintiff's employment. Defendant did not lodge any objection to these interrogatories. The answers provided are not responsive. Defendant argues that its answers are sufficient because its position is that Plaintiff's employment was not terminated. Defendant states that prior to the expiration of her contract Plaintiff submitted a letter of resignation but days later withdrew her resignation and that her employment agreement expired pursuant to its terms and was not renewed. [Dkt. 12, p. 3].

Regardless of whether Plaintiff was dismissed or resigned, Plaintiff is no longer employed by Defendant, it is thus clear that her employment was terminated. It is also clear that Defendant possesses responsive information as Defendant stated that "employment matters were discussed by persons associated with the Defendant prior to

the termination of the Plaintiff." [Dkt. 12, p. 7]. Defendant is therefore required to fully answer Interrogatory Nos. 1 and 9.

Interrogatory Nos. 6, 7 and 8 seek the identification of Defendants current and former employees for the last three years and information as to whether they are currently employed, were terminated, or were asked to resign. Defendant objected on the basis that the interrogatories are overbroad, unduly burdensome and irrelevant. In its brief Defendant argues that the information will not prove or disprove any claim in the case because as a religious entity it is exempt from religious discrimination under Title VII of the Civil Rights Act. Defendant's liability under Title VII will not be decided on this motion to compel. These interrogatories seek the type of information commonly sought in employment discrimination actions. Further, the interrogatories do not cover an inordinately long period of time and Defendant has made no showing that gathering the information to answer the interrogatories will be especially onerous. Defendant is therefore required to fully answer Interrogatory Nos. 6, 7 and 8.

Interrogatory No. 10 seeks information concerning Plaintiff's replacement. Defendant answered the interrogatory, except for the amount of compensation. Defendant argues that information is not relevant on the basis of its exemption from religious discrimination under Title VII of the Civil Rights Act. If the court orders the information be provided, Defendant requests the information be subject to a protective order. Defendant's possible exemption under Title VII is not a sufficient basis to avoid discovery. Defendant is required to provide the information requested in Interrogatory No. 10. Defendant's request that the compensation information be produced subject to a protective order is

granted.  Plaintiff and her attorney shall not use the information for any other purpose than the prosecution of this case.

Request for Production of Documents No. 4 seeks production of certain personnel files.  Defendant has objected on the basis that the information is not relevant based on its exemption from religious discrimination under Title VII of the Civil Rights Act.  The Court has rejected that as a basis to avoid discovery in this case.  Defendant is therefore required to provide the information sought in Request for Production of Documents No. 4.  However, Defendant is required to produce only that information from the personnel files which relates to the employees' qualifications, positions held, responsibilities, performance evaluations and compensation.  Further, the information is produced under a protective order.  Plaintiff and her attorney shall not use the information for any other purpose than the prosecution of this case.

Request for Production of Documents No. 5 seeks production of each and every written rule, policy, employee manual, or other such policy adopted by Defendants with regard to employees at any time from January 1, 2005 until the present time.  Defendant has objected to the request as being overbroad and unduly burdensome.  Defendant further stated that some of the information does not pertain to Plaintiff.  Defendant agreed to make responsive documents that pertain to Plaintiff available for inspection and copying. Defendant has made no showing as to the burdensomeness of the request and has provided no reason for the Court to deny Plaintiff access to the entirety of Defendants employment policies and manuals. Defendant is required to provide the information sought in Request for Production of Documents No. 5.

Request for Admission No. 1 asked Defendant to "[a]dmit that prior to the termination of the Plaintiff a group of persons associated directly or indirectly with the Defendant formed an ad hoc or informal committee to consider or discuss employment matters regarding employees of the Defendant." [Dkt. 12, p. 7]. Defendant objected to the request as being "vague and ambiguous" and provided the following: "Admitted to the extent that employment matters were discussed by persons associated with the Defendant prior th the termination of the Plaintiff." *Id.* Although the Court finds that the Request for Admission is neither vague nor ambiguous, it also finds that Defendant's response is sufficient. Therefore no further answer to this request is required.

Plaintiff's Motion to Compel Discovery [Dkt. 11] is GRANTED in part and DENIED in part as provided herein. In view of the June 30, 2008 discovery deadline [Dkt. 13], Defendant is instructed to provide its responses in compliance with this Order on or before June 19, 2008.

SO ORDERED this 12th day of June, 2008.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE