## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HELEN M HIGHTOWER,<br><br>        Plaintiff,<br><br>vs.<br><br>HERITAGE ACADEMY OF TULSA, INC. A/K/A FLO & MORRIS MIZEL JEWISH COMMUNITY DAY SCHOOL, INC.,<br><br>        Defendant. | Case No. 07-CV-602-GKF-FHM |

### **OPINION AND ORDER**

Plaintiff's Second Motion to Compel Discovery [Dkt. 17] is before the undersigned United States Magistrate Judge for decision.  Plaintiff's motion is GRANTED in part and DENIED in part as provided herein.

### **Discovery Dispute Numbers One, Four and Five**

These disputes involve requests for production of Defendant's governing documents. Defendant asserts that it has produced responsive documents.  Plaintiff maintains that the only draft copies of the documents were produced.  Since Plaintiff's document requests asked for "<u>all</u> of the Defendant's bylaws, rules, procedures, policies . . .," [Dkt. 17, p. 3] [emphasis supplied], and since Defendant has represented to the Court that it complied with those requests, there is nothing further for the Court to order Defendant to produce. Therefore, Plaintiff's motion to compel is DENIED as to these disputes.

### **Discovery Dispute Numbers Two and Three**

These disputes involve Plaintiff's requests for Defendant's meeting agendas and meeting minutes for Defendant's Board of Trustees. The Court rejects Defendant's argument that the minutes and agendas are not relevant for discovery purposes. Defendant is required to produce responsive documents.

### **Discovery Dispute Numbers Six Through Nine**

These disputes involve Plaintiff's request for e-mails sent or received by four members of Defendant's Board of Trustees pertaining to Plaintiff and/or her employment. Defendant objected to the discovery requests on the basis that the requests were "overly broad and unduly burdensome." [Dkt. 17, p. 5-6]. In response to Plaintiff's motion Defendant asserts that since Plaintiff was employed by Defendant for four years and the requests are not limited in time they are overly broad and unduly burdensome. Defendant asks that the requests be limited in scope to e-mails that pertain to the decision not to renew Plaintiff's employment contract.

The Court finds that Defendant has not argued that the e-mails sought are not reasonably accessible and has not otherwise demonstrated that production of e-mails by four identified individuals on a single topic over a four year period is unduly burdensome. Further, pursuant to Fed.R.Civ.P. 34(b)(2)(C), if Defendant found only a portion of the requests to be objectionable, Defendant was required to produce the responsive documents to which the objection did not apply. Defendant's failure to produce any of the e-mails undermines its overbreadth and burdensome objection. Defendant is required to produce responsive documents.

**Discovery Disputes Ten, Eleven and Twelve**

These disputes involve Plaintiff's request for production of Defendant's financial records and net worth from January 1, 2006 to the present. Plaintiff argues that the records are relevant to her request for punitive damages.

Financial records are discoverable when punitive damages are at issue. *See e.g. Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 34 (D.Kan. 1996). However, discovery of that information is reasonably limited to Defendant's balance sheet for 2008 and its net worth for 2008. Further, that information should be subject to a protective order. Therefore it is the Order of the Court that use of the information is limited to use in the prosecution of this case.

Plaintiff's Second Motion to Compel Discovery [Dkt. 17] is GRANTED in part and DENIED in part as provided herein.

SO ORDERED this 29th day of July, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE