## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

HELEN M HIGHTOWER,

                         Plaintiff,

vs.

HERITAGE ACADEMY OF TULSA, INC.
A/K/A FLO & MORRIS MIZEL JEWISH
COMMUNITY DAY SCHOOL, INC.,

                         Defendant.

Case No. 07-CV-602-GKF-FHM

## OPINION AND ORDER

Plaintiff's Motion for Sanctions Under Rule 37 [Dkt. 37] is before the undersigned United States Magistrate Judge for decision.  Plaintiff's motion is GRANTED in part and DENIED in part as provided herein.

## Introduction

Plaintiff claims that Defendant has been "uncooperative, obstructive, and has failed to timely disclose and/or supplement discovery responses." [Dkt. 37, p. 1].  Plaintiff also asserts that defense counsel has engaged in improper and disruptive conduct during depositions of members of the Defendant's Board of Trustees.  Plaintiff requests the following relief:

> Sanction award of $100,000.00, plus all attorney fees and costs, including court reporter fees incurred by the Plaintiff in discovery-related to the discovery of By-Laws, and an evidentiary Order prohibiting the Defendant from asserting at the time of trial that the "personnel committee" had authority under the Defendant's By-Laws to fire the Plaintiff.  Such a sanction order including a separate sanction award and attorney fees and costs has been approved in Johnson v. Kakvand, 192 F.3d 656 (7th Cir 1999).  In Johnson, the Court awarded a separate sanction fee of $100,000.00 plus attorney fees and costs.  See also Tobias v. Davidson Plywood, 241

> FRD 590 (E.D. Tex2007) prohibiting certain evidence as a
> sanction.

[Dkt. 37, p. 5].

Defendant admits that the correct version of the Bylaws was not initially produced. Defendant asserts that the failure to produce the correct version was an inadvertent mistake; that the differences between the two versions is not material to this case; and that the delay did not result in prejudice to Plaintiff. Therefore, the failure to produce is not deserving of the sanction requested. In addition, Defendant asserts that Plaintiff's motion was filed without having the discovery conference between counsel as required by LCvR 30.1 and 37.1. Defendant argues that Plaintiff's motion should be denied because Plaintiff did not adhere to the requirements of the Local Rules and also because Defendant did not engage in deposition misconduct. Plaintiff did not address the failure to comply with the Local Rules in her Reply Brief.

## Facts

Defendant objected to some of Plaintiff's original discovery requests, which resulted in Plaintiff's filing of her first motion to compel. [Dkt. 11 ]. Before the Court ruled on that motion, Plaintiff served a second set of discovery requests which, among other things, called for the production of the Bylaws in effect for Defendant from April 1, 2006 to the present. On June 12, 2008, the Court ruled on Plaintiff's first motion to compel [Dkt. 18], which was also the same day Plaintiff filed her second motion to compel which addressed production of Defendant's Bylaws, among other issues.

In response to the June 12th Order, Defendant supplemented its discovery responses and included a copy of Bylaws dated September 15, 2005, which were marked

"draft." Thereafter, when Defendant responded to the second motion to compel Defendant represented to the Court that:  "Defendant produced copies of its governing documents in response to the court's ruling on Plaintiff's First Motion to Compel Discovery." [Dkt. 21, p. 1].   The Court accepted and relied on Defendant's representation despite Plaintiff's objection that the Bylaws were marked "draft."  The second motion to compel was denied as to the production of the Bylaws with the following language:  "since Defendant has represented to the Court that it complied with those requests, there is nothing further for the Court to order Defendant to produce." [Dkt. 29, p. 1].

Subsequently, Plaintiff took the deposition of one of Defendant's Board members and questioned her about the status of Defendant's Bylaws.  In light of those questions, defense counsel made inquiry of Defendant about the Bylaws and determined that Defendant had "inadvertently overlooked" a set of Bylaws dated January 19, 2006, located in defense counsel's files concerning a related EEOC matter.  The January 19, 2006 Bylaws were e-mailed to Plaintiff the next day.  The text of the e-mail did not address the January 19, 2006 Bylaws. [Dkt. 44-8].

## Analysis

### Violation of Discovery Obligations

The Court finds the facts demonstrate that Defendant or its counsel failed to fulfill discovery obligations.  Without making the appropriate inquiry defense counsel affirmatively represented to the Court that the Bylaws in effect during the requested time frame were produced when that is clearly not the case.  Further, the Bylaws in effect were actually contained in a file in counsel's office.

The Court finds that: counsel failed to take appropriate steps to verify that the information produced in response to the June 12, 2006 Order was accurate; counsel failed to take appropriate steps to verify that its representation to the Court in its response to Plaintiff's second motion to compel was accurate; and counsel failed to take appropriate steps to confirm the accuracy of the production when the question was raised in Plaintiff's July 16, 2008, reply brief, [Dkt. 25].

The Court concludes that these failures constitute a failure to disclose under Fed.R.Civ.P. 37(a)(4).  Rule 37(d) provides that the Court may impose sanctions for a failure to disclose and must order the payment of reasonable expenses caused by the failure unless the failure was substantially justified, or other circumstances make an award of expenses unjust.

### Appropriate Sanction

In assessing a sanction, the object is to rectify any prejudice caused by the conduct and also to deter others from such conduct in the future.  *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)(the most severe in the spectrum of sanctions provided by statute or rule must be available in appropriate cases, not merely to penalize the offender but also to serve as a deterrent).

The Tenth Circuit has adopted several factors which are to be considered in determining an appropriate sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Ehrenhaus v.*

4

*Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  These factors do not constitute a rigid test, but are criteria to be considered in choosing a sanction.  Further, "the chosen sanction must be both 'just' and related 'to the particular claim' which was at issue in the order to provide discovery."  *Id.* at 920, *quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982).

<u>Degree of Actual Prejudice</u>

Plaintiff alleges that an *ad hoc* personnel committee arbitrarily decided to fire her because she is not Jewish.  Plaintiff contends that her termination was wrongful, in part, because the personnel committee lacked authority to take that action and states that the Bylaws are necessary to establish that lack of authority.

The portions of the Bylaws that relate to Plaintiff's contention are paragraph 4.04 concerning the director and paragraph 5.04 concerning "other committees" of the board. There is no difference in paragraph 4.04 between the "draft" Bylaws and the January 19, 2006 Bylaws.  Paragraph 5.04 of the "draft" Bylaws is identical to paragraph 5.04 of the January 19, 2006 Bylaws, except for a single sentence.  The third sentence of paragraph 5.04 of the "draft" Bylaws reads:

> The Chair and members of each such committee shall be appointed by the President provided, however, *that the Chair of each such committee shall be a member of the Board.*

[Dkt. 44-5, p. 19] [emphasis supplied].

The third sentence of paragraph 5.04 of the January 19, 2006 Bylaws reads:

> The Chair and members of each such committee shall be appointed by the President provided, however, *that at least one member of each such committee shall be a member of the Board (other than the President).*

[Dkt. 44-8, p. 17] [emphasis supplied].

Plaintiff has not discussed these provisions or presented any argument to establish that the difference in the provisions of the two versions are material to her contention that the personnel committee lacked authority.  Therefore, Plaintiff has not demonstrated actual prejudice to the merits of her case.

The Amount of Interference with the Judicial Process

For the discovery process to function, the court and the parties must be able to rely on the accuracy of discovery responses and counsel's representations concerning those responses.  A critical aspect of this reliance is the obligation of counsel to make a reasonable investigation to ensure that discovery responses are accurate. *Thompson v. Haynes*, 36 F.Supp.2d 936 (N.D. Okla. 1999).  When the parties or the court rely on inaccurate representations, the interference with the judicial process resulting from the failure to make reasonable inquiry is the same regardless of whether the omitted documents contain a "smoking gun."

The Defendant's production of the "draft" Bylaws as a response to Plaintiff's discovery request disrupted Plaintiff's pre-trial discovery efforts because the "draft" Bylaws were not in fact responsive to the request for production.  Defendant's inaccurate representation to the Court in its response to Plaintiff's second motion to compel also interfered with the judicial process and resulted in an erroneous conclusion by the Court.

The Culpability of the Litigant

Defendant and/or its attorney are responsible for this discovery violation.  Defendant inaccurately produced the "draft" Bylaws as responsive to Plaintiff's discovery request.  There is no explanation as to why Defendant and its attorney did not question why the Bylaws were marked "draft" before they were produced or why they did not make inquiry when Plaintiff pointed this out in her reply brief related to the second motion to compel.  Nor is there any explanation as to why Defendant did not clearly acknowledge the error in the e-mail which transmitted the January 19, 2006 Bylaws which were "inadvertently overlooked" in Defendant attorney's office file.  It should be noted, however, that after the Bylaw issue was raised at a deposition, counsel promptly investigated the situation and provided the January 19, 2006 Bylaws to Plaintiff.

The culpability inquiry also considers whether the party was intentionally withholding information to gain an advantage in the litigation.  Based on the content of the Bylaws and Plaintiff's failure to advance any argument about the materiality of the differences between the bylaw versions, the Court concludes that neither Defendant nor counsel withheld information to gain an advantage in the litigation.

<u>Whether the Court Warned the Party in Advance that Dismissal<br/>Would be Likely Sanction for Non-Compliance</u>

Plaintiff does not seek dismissal as a sanction.  However, the Court has not issued any warnings about the likelihood of sanctions.

<u>The Efficacy of Lesser Sanctions</u>

As previously stated, Plaintiff seeks the following sanction:

> Sanction award of $100,000.00, plus all attorney fees and costs, including court reporter fees incurred by the Plaintiff in discovery-related to the discovery of By-Laws, and an evidentiary Order prohibiting the Defendant from asserting at the time of trial that the "personnel committee" had authority under the Defendant's By-Laws to fire the Plaintiff.  Such a sanction order including a separate sanction award and attorney fees and costs has been approved in <u>Johnson v. Kakvand, 192 F.3d 656 (7th Cir 1999)</u>.  In <u>Johnson</u>, the Court awarded a separate sanction fee of $100,000.00 plus attorney fees and costs.  See also <u>Tobias v. Davidson Plywood, 241 FRD 590 (E.D. Tex2007)</u> prohibiting certain evidence as a sanction.

[Dkt. 37, p. 5].

The Court finds that although it is clear that Defendant failed to fulfill its discovery obligations, the sanctions sought by Plaintiff are inappropriately harsh.  The $100,000 sanction requested by Plaintiff is not tied to any aspect of this case or to any demonstrated expense or prejudice.  In addition, the cases cited by Plaintiff are inapposite.

Contrary to Plaintiff's representation that a $100,000 sanction was awarded in *Johnson v. Kakvand*, 192 F.3d 656 (7th Cir. 1999), in that case the sanction imposed was $10,000.  Defendant made note of the discrepancy in its response brief.  Although Plaintiff filed a reply brief, no mention was made of the error.  Moreover, the conduct addressed in *Johnson* is of an entirely different character than that in this case.

In *Tobias v. Davidson*, 241 F.R.D. 590 (E.D. Tex. 2007), in fashioning an evidentiary sanction for the failure to make a required disclosure under Fed.R.Civ.P. 26(a) the court considered the importance of the evidence, prejudice, the possibility of curing prejudice through a continuance, and the party's explanation for the failure to comply with the

8

disclosure requirements.  In this case Plaintiff has not demonstrated the importance of the evidence nor established any prejudice, therefore under the factors considered in the *Tobias* case an evidentiary sanction is not justified on the record before the Court.

Fed.R.Civ.P. 37(d)(3) lists among the permissible sanctions, an order of the payment of the reasonable expenses, including attorney's fees, caused by the failure to perform discovery obligations, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  The Court finds that the failure to produce the January 19, 2006, version of the Bylaws was not substantially justified. However, given the failure of Plaintiff to adhere to the requirement of conducting a good faith meet and confer in advance of filing the instant motion the Court finds that an award of the expenses of the current motion would be unjust.

LCvR 37.1 provides in relevant part:

> With respect to all motions or objections relating to discovery pursuant to Fed.R.Civ.P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve difference, have been unable to reach an accord.

[emphasis supplied].  Notably, there is no exception to this rule for a motion for sanctions. The requirement of a good faith meet and confer serves the overriding purpose of the Federal Rules of Civil Procedure which is to "secure the just, speedy, and inexpensive determination of every action."  Fed.R.Civ.P. 1.  In particular, the meet and confer gives the party accused of sanctionable conduct an opportunity to evaluate, explain, or correct a discovery lapse; gives the defending attorney a concrete opportunity to impress upon the client the seriousness of discovery obligations; and provides the movant the opportunity to

evaluate the alleged discovery lapse in the context of its importance to the case as a whole as opposed to wasteful pursuit of an advantage over what may amount to a technical error. In a sense, the meet and confer requirement is similar to the 21-day waiting period between service and filing of a motion for sanctions under Fed.R.Civ.P. 11.  The Court has not strictly enforced LCvR37.1 in that it has considered the motion, even absent the required meet and confer.  However, the lack of a meet and confer considered with the other factors discussed herein would make an award of the expenses of the instant motion unjust.

Plaintiff seeks an award of "court reporter fees incurred by the Plaintiff in discovery-related to the discovery of By-Laws." [Dkt. 37, p. 5].  Based on the depositions and excerpts provided, discovery of the Bylaws was not the only, or primary, topic covered by the board member depositions.  Since Plaintiff has not attempted to quantify the amount of expense, and the amount of time devoted to the Bylaws appears to be minimal in relation to the overall depositions, Plaintiff's request for an award of court reporter fees is denied.

Since the Court denied part of Plaintiff's Second Motion to Compel based on the inaccurate representation that the Bylaws had been produced, the Court finds it is appropriate to award Plaintiff the reasonable expenses, including attorney fees, incurred in conjunction with Plaintiff's Second Motion to Compel.  The award shall include reasonable attorney fees for the required meet and confer related to that motion, for drafting the motion, brief, and reply brief.  The Court finds that this award of expenses, including attorney fees, relates directly to Defendant's failure and is sufficient to rectify the prejudice Plaintiff has suffered in the form of increased attorney fees.  The award of fees is not especially punitive, but will have sufficient deterrent effect given that there has been

10

no showing that Plaintiff suffered any prejudice to the merits of her case and that there has been no showing that the failure to disclose inured to the benefit of Defendant.

Deposition Conduct

Plaintiff asserts that defense counsel disrupted and interfered in the discovery process during the depositions of witnesses Sandra Tilkin and Richard Borg.  Ms Tilkin succeeded Plaintiff in the position of Director or Superintendent of Defendant school.  Mr. Borg served as Present of the Defendant's Board of Trustees while Plaintiff was employed there and at the time of her termination.  During both depositions, defense counsel took a break over the objection of Plaintiff's counsel.  Plaintiff argues that the breaks were taken for an improper strategic purpose and that sanctions should be awarded as a result.

Based on the Court's review of the excerpt of Ms. Tilkin's deposition, no sanction is warranted.  It appears that:  the witness attempted to answer the question put to her; Plaintiff's counsel became argumentative about the answer; counsel began to argue between themselves about the question and about whether a break was appropriate; and a break was taken.  [Dkt. 44-9, pp. 2-5].  Under the circumstances considering the tenor of the questioning, defense counsel's insistence on a break was not inappropriate.  Plaintiff has not demonstrate how the question put to Ms. Tilkin, which sought her belief as to the merits of Plaintiff's discrimination claim, was subject to strategic manipulation.  The Court finds therefore that there is no basis for sanction due to the conduct of Ms. Tilkin's deposition.

During Mr. Borg's deposition, Plaintiff's counsel began to ask questions about the Bylaws.  The deposition was recessed to clear up what documents had been provided to

11

Plaintiff's counsel.  The Court does not view the recess as improper or obstruction. Therefore there is no basis for sanction.

Additional Deposition

Although the Court has not awarded the substantial sanction requested, the Court finds that regardless of the materiality of the Bylaws to the matters at issue, questions remain about the status of the Bylaws.

The Bylaws purport to have been amended, effective January 19, 2006. [Dkt. 44-8, p. 9].  However, the Consent in Lieu of Special Meeting is not dated.  Further, only two of the signatures attached to the Consent in Lieu of Special Meeting are dated and those are dated in June, 2006. [Dkt. 44-8, pp. 24, 28].  In addition, the Consent in Lieu of Meeting purports to set out the amendments to the Bylaws, but there is no mention of an amendment to Section 5.04.  As previously discussed, there is a difference in that section between the "draft" Bylaws and the January 19, 2006 Bylaws.

Although Plaintiff did not call them to the Court's attention, the existence of the inconsistencies raises questions about the status of the Bylaws.  To alleviate any potential for prejudice, Plaintiff is permitted, but not required, to conduct an additional deposition of someone knowledgeable and able to testify about the status of the Bylaws, the method of amendment, the process for garnering approval of amendments, and the various versions in effect during Plaintiff's employment at the Defendant school.

The deposition the Court envisions should be fairly brief and particularly focused on the matters at issue in this case so as not to impact the trial schedule.  If Plaintiff elects to take the deposition, the parties are required to meet and confer in good faith concerning

the timing and scope of the deposition.  Defendant is to bear the *reasonable* expenses of the deposition, including Plaintiff's *reasonable* attorney fees.

## **CONCLUSION**

Plaintiff's Motion for Sanctions Under Rule 37 [Dkt. 37] is GRANTED in part and DENIED in part as set out herein.

Plaintiff is awarded the reasonable expenses, including attorney fees, incurred in conjunction with Plaintiff's Second Motion to Compel.  The award shall include reasonable attorney fees for the required meet and confer related to that motion, and for drafting the motion, brief, and reply brief.

The Court requires the parties to meet and confer in good faith in an attempt to reach an agreement as to the hourly rate and number of hours to be awarded Plaintiff for the Second Motion to Compel.  Should the parties be unable to reach an agreement, Plaintiff may file a request for the *reasonable* expenses including attorney fees.  The motion and request for fees should conform to the requirements for fee requests in the Tenth Circuit.[1]

Should Plaintiff choose to do so, Plaintiff is permitted to conduct an additional deposition of someone knowledgeable and able to testify about the status of the Bylaws,

---

[1] The number of hours requested must be proven "by submitting meticulous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."  *Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) (citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983)).  Furthermore, the application for a fee award should reflect the exercise of "billing judgment" with respect to the number of hours claimed, excluding from the fee request hours that are redundant, excessive, or otherwise unnecessary. *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998).  Plaintiffs' burden is to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995)(quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)).  A reasonable rate is the prevailing market rate in the relevant community.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

the method of amendment, the process for garnering approval of amendments, and the various versions in effect during Plaintiff's employment at the Defendant school.  If Plaintiff elects to take the deposition, the parties are required to meet and confer in good faith concerning the timing and scope of the deposition.  Defendant is to bear the *reasonable* expenses of the deposition, including Plaintiff's *reasonable* attorney fees.

SO ORDERED this 10th day of November, 2008.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

14